UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT HILL,
    Petitioner,

vs

WARDEN, CORRECTIONAL RECEPTION CENTER,
    Respondent.

Case No. 1:13-cv-426

Spiegel, J.
Litkovitz, M.J.

**ORDER**

This *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254 is before the Court on respondent's motion for "substitution of parties," as well as petitioner's motions for appointment of counsel. (Docs. 5, 13, 17). Respondent opposes petitioner's request for counsel. (Doc. 18).

Respondent's motion for party substitution (Doc. 13) is **GRANTED**. Both petitioner and respondent have informed the Court that petitioner was transferred from the Correctional Reception Center (CRC) to the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, where he is currently incarcerated. (*See* Docs. 2, 13). Because it thus appears that LeCI's Warden now has custody of petitioner, it is hereby **ORDERED** that the caption of this case be changed to reflect that LeCI's Warden has replaced the Warden of CRC as the proper party respondent in this action. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Petitioner's motions for appointment of counsel (Docs. 5, 17) are **DENIED**. There is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Pursuant to 18 U.S.C. § 3006A, the Court may permit the

appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991). Circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990); *see also Reese,* 946 F.2d at 264. In this case, it appears at this juncture that the issues to be decided are straightforward and capable of resolution on the record. Therefore, the undersigned concludes that counsel is not warranted to ensure that the interests of justice are served in this case.

**IT IS SO ORDERED.**

Date: 10/22/13
cbc

Karen L. Litkovitz
United States Magistrate Judge