# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT HILL,

         Petitioner,    :    Case No. 1:13-cv-426

  - vs -                           District Judge S. Arthur Spiegel
                                              Magistrate Judge Michael R. Merz

WARDEN, CORRECTIONAL
 RECEPTION CENTER,

                                      :

         Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (Doc. No. 16), Petitioner's response in opposition (Doc. No. 20), and Respondent's Reply in support (Doc. No. 21).

Respondent seeks dismissal on a number of bases, including Hill's failure to exhaust his claims in the Ohio courts. A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Petitioner is correct in claiming that exhaustion will be excused if there is an absence of available State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). However, the cases cited by Petitioner excuse exhaustion where the habeas petitioner could not use the state process because of a procedural default. So, for example, if a prisoner has failed to meet a strict state deadline for filing for a particular remedy, it makes no sense to require him or her to get a judgment stating

1

that.

In Ohio, mandamus is available to compel Adult Parole Authority to do non-discretionary duties, e.g., under *Morrissey v. Brewer*, 408 U.S. 471 (1972), *citing State ex rel. Atkins v. Denton*, 63 Ohio St. 2d 192 (1980); *State ex rel. Jackson v. Denton*, 5 Ohio St. 3d 179 (1983); *State ex rel. Ferguson v. Ohio Adult Parole Authority,* 45 Ohio St. 3d 355 (1989). Habeas is available to test a parole action when it results in a person's being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), *citing In re Anderson*, 55 Ohio App. 2d 199 (Cuyahoga Cty. 1978). Habeas corpus rather than mandamus is the appropriate action for persons claiming entitlement to immediate release from prison. *State ex rel Lemmon v. Ohio Adult Parole Auth.,* 78 Ohio St. 3d 186, 188 (1997); *State ex rel Pirman v. Money*, 69 Ohio St. 3d 591, 594 (1994). Mandamus is also available to review claims of denial of due process by the Adult Parole Authority. *State, ex rel. Coulverson, v. Ohio Adult Parole Authority*, 62 Ohio St. 3d 12 (1991).

Mr. Hill has made no demonstration that either of these Ohio remedies is not available to him. All he says is that "the state court or some state official led the Petitioner to believe that no remedy existed." (Doc. No. 20, PageID 112.) That was, in light of the law cited above, bad advice but it has not caused Petitioner to miss any mandatory deadline for filing for state habeas or mandamus.

It is therefore respectfully recommended that the Petition herein be DISMISSED WITHOUT PREJUDICE without any decision on the merits.

May 29, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).