UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT HILL, | : | NO. 1:13-cv-00426 |
| Petitioner, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| WARDEN, WARREN CORRECTIONAL INSTITUTION[1] | : | |
| Respondent. | : | |

This matter is before the Court on the May 29, 2014 Report and Recommendation of Magistrate Judge Michael R. Merz (doc. 24), to which Petitioner has timely objected (doc. 25) and

---

[1] Magistrate Judge Karen L. Litkovitz granted Respondent's motion for party substitution by Order dated October 22, 2013 (see doc. 19) upon being advised that Petitioner was transferred from the Correctional Reception Center (CRC) to the Lebanon Correctional Institution (LeCI). In his most recent filing, Petitioner indicates he was transferred from LeCI to the Warren Correctional Institution (WCI) and is currently in the sole custody of WCI's Warden. To this end, therefore, he asks the Clerk to "correct the error[]" in the caption of the case (see doc. 25-2 at 5). Although Respondent has not filed a second motion for party substitution, the Ohio Attorney General has not challenged the truth of Petitioner's representation. Accordingly, construing Petitioner's request to "correct the error[]" as one for a motion for party substitution, it is hereby ORDERED that the caption of this case be changed again, this time to indicate that WCI's Warden has replaced LeCI's Warden as the proper party respondent. See Fed. R. Civ. P. 25(d) & Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The caption appearing on this Opinion and Order reflects this change.

1

Respondent has replied (doc. 26). For the reasons that follow, we ACCEPT the recommendation of the Magistrate Judge.

**I. Background and the Magistrate Judge's Report & Recommendation**

The details of Petitioner's multiple convictions and terms of incarceration, as well as his various releases to parole, violations thereof and restorations thereto, are set forth in Respondent's Motion to Dismiss (see doc. 16 at 2-6), the subject of the instant Report and Recommendation. In brief, Petitioner's most recent parole release was on October 19, 2009. He signed an agreement in which his Conditions of Supervision were memorialized and his supervision was transferred to the State of Michigan (where he also was on parole) through the Interstate Compact for Adult Offender Supervision. (Doc. 16-1, Exhs. 13 & 14.) In December 2010, a Michigan parole officer completed an "Offender Violation Report" in which she requested that an absconder warrant issue because Petitioner had not reported as required for the month (doc. 16-1, Exh. 15). That warrant issued immediately (doc. 16-1, Exh. 17), but it was not until Petitioner was arrested in January 2011 for possession of a "380.Taurus Pistol" that he was returned to custody in Michigan (doc. 1 at 2). At that time he learned that Ohio had placed detainer on him for a parole violation (doc. 1 at 2). Some four months later, Petitioner pled guilty and thus was

2

convicted of a felony firearm charge in Michigan; he was sentenced to two years in a Michigan prison, the term to commence beginning April 26, 2011 (doc. 16-1, Exh. 16). On April 30, 2013, having served this term, Petitioner was extradited back to Ohio on the authority of the detainer (doc. 16-1, Exh. 18). The Ohio Adult Parole Authority ("OAPA") conducted a Release Violation Hearing on May 29, 2013. Petitioner's parole was revoked on the basis of his Michigan firearm conviction, a violation of Rule 1[2] of his Conditions of Supervision written agreement, and he was ordered returned to custody in an Ohio correctional facility (doc. 16-1, Exhs. 19-22).

Petitioner then filed this petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254, alleging essentially two due process violations (see doc. 1). He contends he was entitled to a final release from Ohio parole on October 19, 2010, based on the pre-printed—and apparently standard—condition of "1 year Basic supervision" appearing in paragraph 15 of the

---

[2]Rule 1 reads as follows:

> I will obey federal, state and local laws and ordinances, including Chapter 2923 of the Revised Code relating to conduct involving firearms and other deadly weapons, and all orders, rules and regulations of _____ County Common Pleas Court or the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen.

(Doc. 16-1, Exh. 14 at 1.)

agreement he signed and the language of Ohio Rev. Code 2967.16(A)[3]. Had the requisite "Certificate of Final Release" been issued, he would not have been pronounced a parole violator and extradited back to Ohio after he served his term for his Michigan felony firearm conviction. He also argues that, because the Michigan authorities held him in pretrial custody on the January 2011 firearm charge based on the Ohio parole violator detainer, he was "available" to the OAPA beginning then and was owed a hearing on his purported "technical" violation within sixty (60) days. Accordingly, his May 29, 2013 hearing fell short of what was required.

Respondent filed a motion to dismiss Petitioner's petition with prejudice, arguing: his factual premise (concerning the purported compulsory "final" release) is incorrect; he has

---

[3] Ohio Rev. Code § 2967.16 provides in pertinent part:

(A) Except as provided in division (D) of this section [regarding the "shock incarceration program"] , when a paroled prisoner has faithfully performed the conditions and obligations of the paroled prisoner's parole and has obeyed the rules and regulations adopted by the adult parole authority that apply to the paroled prisoner, the authority upon the recommendation of the superintendent of parole supervision may enter upon its minutes a final release and thereupon shall issue to the paroled prisoner a certificate of final release, but the authority shall not grant a final release earlier than one year after the paroled prisoner is released from the institution on parole, . . .

. . . .

(Emphasis added.)

4

failed to exhaust his claims in state court; he has failed to allege a federal constitutional violation; and, even under a liberal construction of the petition, he has not established a violation of a federal constitutional right (see doc. 16 at 6). The Magistrate Judge reports that, in Ohio, a petition for a writ of mandamus is available to compel the OAPA to perform non-discretionary duties, for example, those required under Morrissey v. Brewer, 408 U.S. 471 (1972) (State ex rel. Atkins v. Denton, 63 Ohio St. 2d 192, 193 406 N.E.2d 1390, 1391 (1980)) and to review claims of due process violations by the OAPA (State ex rel. Coulverson v. Ohio Adult Parole Auth., 62 Ohio St. 3d 12, 577 N.E.2d 352 (1991); State ex rel. Ferguson v. Ohio Adult Parole Auth., 45 Ohio St. 3d 355, 544 N.E.2d 674 (1989); State ex rel. Jackson v. Denton, 5 Ohio St. 3d 179, 449 N.E.2d 1288 (1983)). On the other hand, however, a petition for a writ of habeas corpus (rather than mandamus) is appropriate if an individual claims entitlement to immediate release from confinement. State ex rel. Lemmon v. Ohio Adult Parole Auth., 78 Ohio St. 3d 186, 188, 677 N.E.2d 347, 349 (1997). (Doc. 24 at 2.) The Magistrate Judge further reports that Petitioner Hill has made no showing that these remedies are not available to him, but rather has stated only that "'[t]he state Courts or some state official led [him] to believe that no remedy existed[]'" (doc. 24 at 2 (quoting doc. 20 at 2)).

5

Consequently, Magistrate Judge Merz recommends that this Court dismiss the petition without prejudice to allow Mr. Hill to exhaust his state remedies as required under 28 U.S.C. § 2254 (b),(c).

## II. Discussion

Petitioner objects "unequivocally, to every portion" of the Report and Recommendation (see doc. 25 at 1), and his arguments are essentially the same ones he posed in opposition to Respondent's motion to dismiss.[4] He states that, "had he been aware that he need[ed] to exhaust his state court remedies[,] he would have done so[]" (doc. 25 at 9). Unfortunately for Petitioner, the duty to exhaust is mandatory, not optional. Moreover, his belief that "local"—which presumably means "state"—courts lack jurisdiction because he is not challenging his conviction is mistaken. Petitioner advises the Court as follows:

> The Petitioner is challenging his Illegal Confinement due to the Adult Parole Authority violating its own contract condition of supervision obligation[] by failing to officially discharge the Petitioner from Parole on or about 10/19/2010 After petitioner FullFilled his agreement to one year Parole.

(Doc. 25 at 9.) While it is true that Petitioner is not challenging his conviction per se, his is challenging the OAPA's

---

[4] In reply to Petitioner's Objections, Respondent reverses course somewhat in that he indicates his agreement that the petition should be dismissed without (as opposed to with) prejudice (see doc. 26 at 1).

6

jurisdiction over him post-10/19/2010 when he was found to have committed a parole violation, leading to revocation of Ohio parole and consequent return to confinement. These facts are nearly identical to those in Brewer v. Dahlberg:

> We believe that the Ohio writ of habeas corpus pursuant to Ohio Rev. Code Ann. § 2725.04 is available to petitioner to review an action taken by the Ohio Adult Parole Authority where petitioner claims: (1) that his sentence and parole have already been served, (2) that because the judgment of the sentencing court has already been satisfied, it no longer has jurisdiction over him, and (3) therefore, the OAPA no longer has custody over him and did not have the authority to reincarcerate him under his satisfied state sentence.

942 F.2d 328 (6th Cir. 1991) (construing In re Anderson, 55 Ohio App. 2d 199, 380 N.E.2d 368 (Ohio Ct. App. 1978)); see King v. Dallman, 85 Ohio App. 3d 43, 619 N.E.2d 66 (pronouncing the rule in Brewer to be an accurate expression of Ohio law, whereby a petitioner for a writ of Ohio habeas corpus must attack the jurisdiction of the sentencing court—along with the action of the OAPA—by claiming that he already has satisfied the judgment of the sentencing court). Therefore, because the state remedy of Ohio habeas corpus as just described is available to Petitioner and because he has not exhausted it, his petition for a writ of federal habeas corpus must be dismissed.

### III. Conclusion

This Court has considered carefully Petitioner's Objections (doc. 25), engaging in a de novo review of the issues he has

7

raised. See 28 U.S.C. § 636(b)(1)(B),(C). Because we find the Magistrate Judge's Report and Recommendation (doc. 24) to be well-reasoned and correct, we hereby ACCEPT, ADOPT and AFFIRM it and OVERRULE Petitioner's Objections. Accordingly, Respondent's Motion to Dismiss (doc. 16) Petitioner's Petition for a Writ of Habeas Corpus with prejudice is DENIED; rather, the Court DISMISSES WITHOUT PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus (doc. 1), and we express no opinion on its merits.

Further, we FIND that a certificate of appealability should not issue with respect to the due process claims alleged in the petition, because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Slack v. Daniel, 529 U.S. 473, 484-85 (2000). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, we CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Opinion and Order would not be taken in good faith; therefore, any application made by Petitioner to this Court to appeal in forma pauperis upon a showing of financial necessity will be DENIED. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.


Dated: June 24, 2014    s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge